# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**CHRISTOPHER WESLEY**                    **CIVIL ACTION NO. 19-0006**

                                          **SECTION P**

**VS.**

                                          **JUDGE TERRY A. DOUGHTY**

**DARREL VANNOY**

                                          **JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Petitioner Christopher Wesley, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on approximately January 2, 2019. Petitioner attacks his convictions for attempted armed robbery with a firearm, aggravated battery, and possession of a firearm by a convicted felon, as well as the sentences for those convictions imposed by the Fourth Judicial District Court, Ouachita Parish.[1]

### Background

On September 25, 2013, a jury found Petitioner guilty of attempted armed robbery with a firearm, aggravated battery, and possession of a firearm by a convicted felon. [doc. #s 1, p. 1; 1-3, p. 15]. On March 5, 2014, the Fourth Judicial District Court, Ouachita Parish, imposed the following: a sixty-year sentence for attempted armed robbery, "an enhancement of five" years "to run consecutively with the sixty year hard labor sentence," a twenty-year, concurrent sentence for aggravated battery, and a twenty-year, concurrent sentence for possession of a firearm by a convicted felon. [doc. # 1-3, p. 18].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner appealed, claiming that his "habitual offender proceedings should be vacated based on the statements of the district attorney regarding his motive for filing the habitual offender bill." *State v. Wesley*, 49,438 (La. App. 2 Cir. 2/26/15), 161 So. 3d 1039, 1043, writ not considered sub nom. *State ex rel. Wesley v. State*, 2015-1096 (La. 3/14/16), 188 So. 3d 1065. The Louisiana Second Circuit Court of Appeal affirmed Petitioner's convictions and sentences on February 26, 2015. *Id.*

On March 14, 2016, the Supreme Court of Louisiana declined to consider Petitioner's Application for Writ of Certiorari and/or Review, opining that the application was "Untimely filed pursuant to La. S. Ct. Rule X § 5." *State ex rel. Wesley v. State*, 2015-1096 (La. 3/14/16), 188 So. 3d 1065. Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 2].

On September 16, 2016, Petitioner filed an application for post-conviction relief before the trial court, claiming that DNA testing would prove his innocence and that his trial counsel rendered ineffective assistance. [doc. # 1, p. 3]. The trial court denied Petitioner's application on January 19, 2017. [doc. # 1-3, p. 55].

Petitioner filed a writ application before the Louisiana Second Circuit Court of Appeal on February 20, 2017. [doc. # 1-2, p. 5]. The appellate court denied the application on April 20, 2017. [doc. # 1-3, pp. 57-58]. The Supreme Court of Louisiana denied Petitioner's writ application on October 8, 2018. [doc. # 1-3, pp. 59-61]; *State ex rel. Wesley v. State*, 2017-1002 (La. 10/8/18), 253 So. 3d 1284.

Petitioner filed the instant proceeding on approximately January 2, 2019, raising several permutations of ineffective assistance of counsel and claiming that DNA evidence will prove his

2

innocence.  [doc. # 1-2].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).[2]  When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, the Second Circuit Court of Appeal affirmed Petitioner's convictions and sentences on February 26, 2015,[3] and mailed notice of the judgment the same day.[4]  Under Louisiana Supreme Court Rule X, § 5(a), an applicant has thirty days, from the mailing of the notice of the original judgment of the court of appeal, to apply to the Louisiana Supreme Court for review of a judgment of the court of appeal.  Here, Petitioner had until March 28, 2015, to file an application before the Louisiana Supreme Court.  Petitioner, however, did not file his application before the

---

[2] Nothing in the record suggests that any state-created impediments prevented the filing of this Petition.  See 28 U.S.C. § 2244(d)(1)(B).  Nor do the claims asserted rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  See *id.* § (d)(1)(C).  Further, Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.  See *id.* § (d)(1)(D).

[3] [doc. # 1, p. 2]; *State v. Wesley*, 49,438 (La. App. 2 Cir. 2/26/15), 161 So. 3d 1039, 1045, writ not considered sub nom. *State ex rel. Wesley v. State*, 2015-1096 (La. 3/14/16), 188 So. 3d 1065.

[4] TELEPHONE CALL TO LOUISIANA SECOND CIRCUIT COURT OF APPEAL, February 7, 2019 (confirming date of the mailing of the notice of the original judgment).

3

deadline.  When Petitioner did file, the Louisiana Supreme Court rejected his application and issued the following ruling on March 14, 2016: "WRIT NOT CONSIDERED.  Untimely filed pursuant to La. S. Ct. Rule X § 5."  [doc. # 8-1, p. 1]; *State ex rel. Wesley v. State*, 2015-1096 (La. 3/14/16), 188 So. 3d 1065.[5]  Thus, Petitioner's conviction became final on March 28, 2015, when his time for seeking further review in state court expired.

Parenthetically, the undersigned notes that the time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort."  *Roberts*, 319 F.3d at 694.  However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires."  *Id.*  Here, therefore, Petitioner is not afforded an additional ninety days.

Moreover, Petitioner did not toll the statute of limitations, or otherwise extend the date on which his conviction became final, when he filed his untimely application before the Louisiana Supreme Court or while his untimely application was pending before the Louisiana Supreme Court.  See *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (explaining that the time period when an untimely application is pending on direct appeal before the Louisiana Supreme Court is not included in the "time for seeking direct review."); see also *Thomas*, 786 F.3d at 399 ("When Thomas mailed his writ application to the Louisiana Supreme Court on January 8, 2008, his writ application was nearly four months late, and we are bound by *Butler* to hold that Thomas's conviction became final when the thirty-day time limit for seeking review by the Louisiana

---

[5] See *Thomas v. Goodwin*, 786 F.3d 395, 398 (5th Cir. 2015) (declining to construe the petitioner's "filing as a timely writ application [before the Louisiana Supreme Court] when the Louisiana Supreme Court's Central Staff explicitly refused to do the same.").

Supreme Court expired.").

Because Petitioner's conviction became final on March 28, 2015, Petitioner had one year, or until March 28, 2016, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until, at the earliest, December 17, 2018.[6] Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner either extended the March 28, 2016 deadline through statutory or equitable tolling or establishes, by presenting new and reliable evidence, that a fundamental miscarriage of justice excepts him from the time bar.

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired. As noted, Petitioner's conviction became final on March 28, 2015. Absent tolling, the time period for filing a federal habeas corpus petition would expire on March 28, 2016. Petitioner waited until September 16, 2016, to file an application for post-conviction relief in state court. [doc. #s 8, p. 1; 8-1, p. 2]. As Petitioner did not file for post-conviction relief in state court before March 28, 2016, Petitioner did not interrupt or toll the period of

---

[6] Ostensibly, Petitioner signed the Petition on December 17, 2018. [doc. # 1, p. 16].

limitation.  Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. **Equitable Tolling**

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling here.  It does not appear that Petitioner was actively misled by the State or otherwise prevented in some extraordinary way from asserting his rights.  Accordingly, the Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

## III. **Actual Innocence**

Petitioner claims that "DNA testing[] will prove that [he] is factually innocent of the charges . . . ."  [doc. # 1-2, p. 6].  "[I]n the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits."  *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting

*McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).  "[T]enable actual-innocence gateway pleas are rare . . . ."  *McQuiggin*, 569 U.S. at 386.

"[A] credible claim must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial'."  *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"  *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).  Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury."  *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Actual innocence is then demonstrated only when the court scrutinizes the likely impact on reasonable jurors of the overall, newly supplemented record, to conclude that, in the light of all evidence—both the evidence presented at trial and that newly discovered—no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt."  *Floyd*, 894 F.3d at 155 (internal quotation marks and quoted source omitted).  "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)).  "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

7

Here, Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support his conclusory statement of actual innocence. Rather, he claims that he could prove his innocence if he possessed DNA evidence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Christopher Wesley's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

8

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 11th day of February, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE